922 F.2d 836
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Abelardo A. PELAEZ, Defendant-Appellant.
 No. 89-5594.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 23, 1990.
Decided Jan. 7, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-88-199)
 Gary R. Hershner, Hershner, Faries & North, Richmond, Va., for appellant.
 Michael W. Carey, United States Attorney, Dwane L. Tinsley, Assistant United States Attorney, Charleston, W.V., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before DONALD RUSSELL and MURNAGHAN, Circuit Judges, and CACHERIS, United States District Judge for the Eastern District of Virginia, Sitting by Designation.
 PER CURIAM:
 
 
 1
 Abelardo A. Pelaez was a doctor whose registration number entitling him to prescribe controlled substances had expired. The indictment charged violation of 21 U.S.C. Sec. 843(a)(2) and 18 U.S.C. Sec. 2. Because his registration had expired, he had been directed, by a DEA diversion investigator, to stop making unauthorized prescriptions, but he continued making them. His defense was that he thought the investigator's instruction to cease prescribing only applied to one type of controlled substance and not to others. The jury apparently rejected this defense. We are satisfied that Glasser v. United States, 315 U.S. 60, 80 (1941), validates the jury determination of guilt.
 
 
 2
 Pelaez further has objected to the use of certain evidence in the sentencing phase of his trial: that he was rejected staff privileges at a hospital and that he previously lied on applications for DEA registration. The evidence was used as a basis for upward adjustment when it came time for fixing sentence. The Guidelines called for two to eight months incarceration for his base offense. However, relying on Pelaez' propensity not to follow regulations, the district judge departed upwards and sentenced him to fifteen months concurrently for each count. We perceive nothing amounting to valid objections in the complaints of Pelaez, including those objections complaining of testimony elicited for impeachment purposes, and are disposed to affirm.
 
 
 3
 The parties have agreed to submission on the briefs in lieu of oral argument. We have found the briefs and the record sufficient without oral argument to enable us to reach a decision on the appeal.
 
 The judgment is
 
 4
 AFFIRMED.